12-950 MJD/LIB

RECEIVED
BY MAIL
APR 16 2012
CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

Kerry Lee Augustine and Elma Jean Augustine
*in propria persona (with assistance of ecclesiastical counsel)*
3769 Estate Court Northeast
Bemidji, Minnesota  56601
Tel. (218) 444 7339
E-mail: keaugustine@hotmail.com

UNITED STATES DISTRICT COURT, DISTRICT OF MINNESOTA

| | |
|---|---|
| Kerry Lee Augustine,<br>Elma Jean Augustine,<br><br>   Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>Richard D. Sletten<br>Clerk of Court,<br>Internal Revenue Service<br>John T. Miller IRS<br>Revenue Officer,<br>James C. Strong U.S.<br>Department of Justice,<br>Todd B. Jones<br>United States Attorney,<br><br>   Defendants. | CIVIL No:<br><br>VIOLATION OF FOURTEENTH<br>AMENDMENT RIGHTS; 42 U.S.C.<br>§1983; PUBLIC LAW 97-280;<br>RELIGIOUS FREEDOM<br>RESTORATION ACT OF 1993;<br>FREE EXERCISE CLAUSE, BILL<br>OF RIGHTS, U.S. CONSTITUTION |

Plaintiffs Kerry Lee Augustine and Elma Jean Augustine, bring suit against the Defendants and avers as follows in this Complaint:

PARTIES

Plaintiffs are residents and citizens of the State of Minnesota.

SCANNED
APR 16 2012
U.S. DISTRICT COURT ST. PAUL

Defendants are agencies of the United States government and are resident in the State of Minnesota.

## VENUE AND JURISDICTION

Venue is proper as both Parties reside in the State of Minnesota.

Jurisdiction is proper as constitutional questions and federal laws are at issue.

## FACTUAL BACKGROUND

Plaintiffs were parties to a federal court action with an assigned Case No. 0:11-cv-01488-RHK-LIB to be heard before Judge Richard H. Kyle.

Plaintiffs filed a Removal Motion to an ecclesiastical tribunal on February 7, 2012. The federal court ignored the Request For Removal To an Ecclesiastical Tribunal and instead issued an Order, Exhibit 1, offering no reasons for denying that Motion.

Plaintiffs have suffered irreparable damage as a result of this federal court action because a state agency is threatening to seize their property. Plaintiffs are therefore seeking federal court intercession to preserve and protect their property rights as guaranteed under the Fourteenth Amendment where due process and equal protection imperatives apply.

## RIPENESS AND STANDING

"The essence of a true standing question is . . .[does] the plaintiff have a legal right to judicial enforcement of an asserted legal duty? This question should be seen as a question of substantive law, answerable by reference to the statutory or constitutional provision whose protection is invoked." See William Fletcher, *The Structure of Standing*, 98 Yale L.J. 221, 223 (1988) at 229. Plaintiff submits that he meets this threshold requirement because a federal judge chose to ignore an asserted legal duty.

A personally real, concrete and particularized controversy is at stake in this

Complaint as to assure that concrete adverseness will sharpen the presentation of issues upon which this honorable Court so largely depends for illumination of difficult constitutional questions. *Baker v. Carr,* 369 U.S. 186, 204 (1962). When the Court denied Plaintiff's constitutionally protected religious rights it did so with reckless disregard for the supreme law of the land and other federal laws that have been laboriously designed and tailored since the inception of this nation to zealously and jealously safeguard fundamental rights and liberties.

In *Massachusetts v. Environmental Protection Agency,* 549 U.S. 497 (2007) Chief Justice Roberts of the United States Supreme Court reiterated *three requirements for standing* that the court has derived from Article III of the Constitution, which limits the federal courts' jurisdiction to "cases" and "controversies."

First there must be an allegation of a "concrete and particularized" injury, one that is "actual and imminent, not conjectural or hypothetical," and that affects the plaintiff personally and not simply "the public at large." Plaintiffs suffered a concrete and particularized injury in that they were denied their sincerely-held religious beliefs that are guaranteed, inter alia, by the Free Exercise Clause of the First Amendment, Bill of Rights, U.S. Constitution; the Religious Freedom restoration Act 1993; and several well-settled cases that uphold the religious rights of those who subscribe to sincerely-held religious beliefs.

Second the injury must be "fairly traceable to the defendant's allegedly unlawful conduct." *Bennett v. Spear,* 117 S. Ct. 1154, 1163 (1997). Plaintiffs' injury is traceable to the defendant's unlawful conduct in that their property rights were not protected and their constitutionally-protected religious rights gained no viable utterance.

Third, the injury must be "*likely to be redressed by the requested relief.*" *Northeastern Florida Contractors v. Jacksonville,* 508 U.S. 656, 663 (1993). Plaintiffs verily believe that this Court would redress their injury by the reliefs requested. Plaintiffs, thus, meet all the three threshold requirements.

LAW AND ARGUMENT

1. The January 11, 2012 <u>unanimous</u> decision of the United States Supreme Court in *Hosanna-Tabor Lutheran Church v. Equal Employment Opportunity Commission, et al,* kept intact the ministerial exception doctrine where the high court found in favor of

3

the church whose activities are sacrosanct and immune from secular intrusion and interference. Plaintiffs verily invokes this decision to assert their rights as Christians whose sincerely held religious beliefs were denied by a federal court whose primary function is viewed by the citizenry as guardians of the United States Constitution which is not a "parchment guarantee" as Associate Justice Antonin Scalia of the United States Supreme Court once forcefully referred to its original intent moorings.

When the federal court ignored the Notice of Removal To An Ecclesiastical Tribunal, it verily triggered Plaintiffs' invocation of the decision in *Hosanna-Tabor* .

2. The Free Exercise Clause of the First Amendment, Bill of Rights, inter alia, mandates that "Congress shall make no law prohibiting the free exercise of religion." Plaintiffs were deprived of their rights to an ecclesiastical tribunal's hearing and this deprivation constitutes a rule-making or law-making prohibition prohibited by the Free Exercise Clause. The federal court's refusal to acknowledge the Notice of Removal To An Ecclesiastical Tribunal is an affront to the Free Exercise Clause of the Bill of Rights.

3. Public Law 97-280 of October 1982 declared that the Bible is the Word of God. The Bible forbids Christians from asserting or defending their rights in a secular court. See 1 Corinthians 6:1-8, New Testament, King James Version. When Defendants denied Plaintiffs their constitutionally-protected religious rights, they did so without heeding this federal law, instead they violated this very federal law.

4. The Religious Freedom Restoration Act 1993, another federal law, ensured, mandated and guaranteed that the State shall not interfere with religion. Defendants violated this federal law as well when they denied and ignored Plaintiffs' request for an ecclesiastical tribunal hearing.

5. Exhibit 2 is a crucial document that evidences an Order from a Florida court which granted ecclesiastical jurisdiction to Muslims living in America. Plaintiff is extremely concerned in that his sincerely-held religious beliefs as a Christian are being denied while Muslims in this

avowed Christian nation are enjoying their religious rights. Plaintiffs contend that just as military tribunals and Native American tribal courts are not enjoined from asserting a jurisdictional claim, it is time Christians are accorded similar jurisdictional preferences as a matter of constitutional right if indeed the U.S. Constitution is to be regarded as the supreme law of the land pursuant to Article VI, section 2 of this sacred document.

7. Title 42 U. S. C. §1983, written in absolute terms with no exceptions, provides in relevant part:

[E]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the ***deprivation*** of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." (emphasis added).

Plaintiffs verily believes that Defendants, under color of law, willfully, wantonly, and unconscionably deprived them of their constitutional rights for which they should be held liable, accountable and responsible for as provided by the spirit and letter of the law in 42 U.S.C. §1983. The sitting judge at the Court swore to uphold the Constitution of the United States and yet chose to disregard his very oath. This creates another cause of action for which redress is sought from this Federal Court.

## RELIEF SOUGHT

Plaintiff desires a hearing at an appropriate ecclesiastical court wherein the Defendants could reiterate their claims for unpaid property taxes, while Plaintiffs will be able to prove that their property became a parish and is therefore exempt from property taxes.

Plaintiff further requests this Federal Court to issue a declaratory judgment in favor of the Plaintiffs that they, and other Christians who will be in need of ecclesiastical jurisdiction, will not be denied their constitutionally-protected religious rights.

Respectfully submitted this 13th day of April, 2012.

*Kerry Lee Augustine*
Kerry Lee Augustine
Plaintiff *in propria persona*
3769 Estate Court Northeast
Bemidji, Minnesota 56601
Tel. (218) 444 7339

*Elma Jean Augustine*
Elma Jean Augustine
Plaintiff *in propria persona*
3769 Estate Court Northeast
Bemidji, Minnesota 56601
Tel. (218) 444 7339

## CERTIFICATE OF MAILING

I, Kerry Lee Augustine, aver and assert that I have this 13th day April, 2012 caused to be mailed by United States Postal Service certified mail this CIVIL COMPLAINT to the following persons at their appropriate address:

1. Richard D. Sletten, Clerk of Court
   772 Federal Building
   316 N. Robert Street Ste 100
   St. Paul, MN 55101
   Court: 612-664-5026, Fax: 651-848-1109
   Certified Mail # 7011 2000 0001 2764 7835

2. James C. Strong
   U.S. Department of Justice, Tax Division
   P.O. Box 7238, Ben Franklin Station
   Washington, D.C. 20044
   Telephone: (202) 514-9953, Fax: (202) 514-6770
   Email: james.c.strongla@usdoj.gov
   Certified Mail # 7011 2000 0001 2764 7842

6

3. Todd Jones, U. S. Attorney, District of MN
   404 U.S. Courthouse
   316 North Robert Street
   ST. Paul, MN 55101
   Phone: 651-848-1950
   Fax:    651-848-1943
   Certified Mail # 7011 2000 0001 2764 7859

4. John T. Miller, IRS Revenue Officer
   3800 8th ST. N. Ste. 101
   St Cloud, MN 56303-3070
   Phone: Direct Line 320-251-5758
   Certified Mail # 7011 2000 0001 2764 8078

Kerry or Elma Augustine
3769 Estate Court Northeast
Bemidji, Minnesota 56601




7011 2000 0001 2764 7835

RECEIVED
BY MAIL
APR 16 2012
CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

Richard Sletten
772 Federal Building
316 N. Robert Street
Suite 100
St. Paul, MN 55101

X-RAYED BY US